IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>WHOLE FOODS MARKET CALIFORNIA, INC.,<br><br>    Defendant.<br><br>This Order Relates To:<br><br>ORDER ON CONTINUANCE OF MOTION TO DISMISS | Case No. 3:14-cv-5022 SC<br><br>ORDER ON SANCTIONS AND <u>VACATING HEARING</u> |

  The Court now turns to its former Order on Continuance of Motion to Dismiss, dated August 17, 2015, ECF No. 35 ("Continuance Order"). Therein, the Court ordered Counsel for Plaintiff to show cause why it should not be sanctioned and/or required to pay the attorneys' fees connected directly with Defendant's extra expense. Plaintiff complied. ECF No. 36.

  The Court is not satisfied with the showing of cause, noting that Plaintiff seeks to shift part of the blame to Defendant, which even if true (the Court declines to opine) does not explain why Plaintiff waited so long to request an extension Plaintiff knew in

1 advance it would need.  The Court further finds that the tone
2 indicates Counsel does not recognize its error and may repeat the
3 error absent action by the Court.  The Court is also cognizant that
4 the need for an extension comes from Plaintiff's repeated decision
5 to take on new cases with the working presumption that scheduling
6 trial in another, new case should merit another extension by
7 opposing counsel or the Court.  Finally, per Fed R. Civ. P.
8 11(b)(1), the Court finds that actions by Counsel for Plaintiff in
9 intentionally waiting to file for a predictable extension, missing
10 the deadline, and filing after the deadline all could be reasonably
11 expected to cause unnecessary delay and needlessly increase the
12 cost of litigation.  Moreover, this was the second infraction of
13 the rules by Plaintiff, who previously and improperly filed a
14 Second Amended Complaint without leave of the Court even though
15 such leave was required.  While these facts may not rise to the
16 highest levels of bad faith, they do show negligence and disregard
17 for the Court's rules enough that the Court will not stand idly by.
18     The Court has therefore decided that sanctions are appropriate
19 here to ensure proper enforcement of its own rules, in light of the
20 terms of Fed. R. Civ. P. 11(b)(1).  Sanctions are procedurally
21 proper and will be levied in the form of the cost of the attorneys'
22 fees required and directly connected with (and only with)
23 Defendant's filing of the one-page Reply at ECF No. 30.  <u>See</u> Fed.
24 R. Civ. P. 11(c)(3)-(5).  <u>Counsel for Defendant</u> is ORDERED to
25 furbish an appropriate, reasonably tailored bill to the Court
26 within 10 days of this order.  The Court will then order Counsel
27 for Plaintiff to pay an appropriate amount.  Plaintiff must file a
28 notice of payment via ECF within 30 days of the date of that order.

2

1    The Court will allow Counsel for Plaintiff a final chance to
2    appear and explain why the Court should not ultimately enter this
3    sanction.  Counsel is therefore ORDERED to appear at the hearing
4    already scheduled this Friday, August 28, 2015.  The sanctions
5    ordered herein are accordingly HELD IN ABEYANCE pending the results
6    of the hearing.

7    Meanwhile, the Court has concluded that the substance of the
8    motion it was to otherwise consider at Friday's hearing is
9    appropriate for resolution without oral argument pursuant to Civil
10   Local Rule 7-1(b).  Therefore, the hearing on Friday, August 28,
11   2015 is hereby VACATED with respect to that motion only and the
12   substantive motion is deemed to be taken under submission.  The
13   hearing shall remain on calendar for the purposes of considering
14   whether sanctions should be levied.

16   IT IS SO ORDERED.

18   Dated: August 25, 2015                 _____
19                                          UNITED STATES DISTRICT JUDGE

3