UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WHOLE FOODS MARKET CALIFORNIA, INC.,<br><br>　　　　Defendant. | Case No. 14-cv-05022-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**<br><br>Docket No. 52 |

## I.   INTRODUCTION

On November 13, 2014, Plaintiff Francisca Moralez filed the instant action against Defendant Whole Foods Market California, Inc. Docket No. 1. Plaintiff filed a Second Amended Complaint on July 23, 2015, which the Court dismissed on December 9, 2015. Docket No. 47 (SAC). After Plaintiff filed a Third Amended Complaint on January 13, 2016, Whole Foods filed a motion to dismiss the complaint with prejudice. Docket No. 52 (Mot.).

For the reasons set forth below, the Court **GRANTS** Whole Foods's motion to dismiss and dismiss Plaintiff's complaint with prejudice.

## II.   BACKGROUND

Plaintiff's complaint arises out of a series of visits by Plaintiff to a Whole Foods store in Walnut Creek, California. Plaintiff self-identifies as a "physically handicapped person" under the Americans with Disabilities Act of 1990 (ADA), and requires the assistance of a wheelchair. Docket No. 51 (Third Amended Complaint) (TAC) at ¶ 7. Plaintiff also self-identifies as a "non-white, Mexican-American and American Indian." *Id.* at ¶ 8.

Plaintiff mostly states the same facts that were in her Second Amended Complaint. *See* Docket No. 54 (Opp.) at 4 ("The third amendment alleges few additional facts . . . .").

1  Specifically, Plaintiff again alleges that she was involved in a number of disputes and
2  confrontations with the Walnut Creek store regarding the store's failure to remove merchandise
3  from a service counter that Plaintiff believed existed for the primary purpose of being useful to
4  disabled persons (like herself) in a wheelchair. *Id.* at ¶¶ 13-20. Plaintiff ultimately had an
5  unpleasant confrontation with several employees on October 5, 2013, after which she began to
6  shop at a different Whole Foods store. *Id.* at ¶¶ 21-24. In May 2014, Plaintiff returned to the
7  Walnut Creek store; when she attempted to put her groceries on the service counter, the employee
8  placed a sign in front of her items indicating that the register was closed. *Id.* at ¶ 25. Two police
9  officers approached Plaintiff, informing her that she was trespassing and that she could be
10 arrested. *Id.* at ¶ 27. An employee then told Plaintiff that she was "barred from every Whole
11 Foods in the United States of America." *Id.* at ¶ 28.

12 Plaintiff then filed the instant suit. Plaintiff's original complaint alleged claims under the
13 ADA; however, the parties agreed that the ADA claims were barred by *res judicata*. Docket No.
14 25 at ¶¶ 4-6. Accordingly, the parties stipulated to the filing of a Second Amended Complaint so
15 that the preclusion-barred claims for violation of the ADA could be removed. Plaintiff's Second
16 Amended Complaint alleged (1) intentional infliction of emotional distress, (2) general
17 negligence, (3) violations of Title II of the Civil Rights Act of 1964, and (4) violations of
18 California's Unruh Civil Rights Act. SAC at ¶¶ 37-69.

19 This Court dismissed Plaintiff's Second Amended Complaint. Docket No. 47 (Motion to
20 Dismiss Order) (Ord.) at 1. In dismissing Plaintiff's Title II claims, the Court found that Plaintiff
21 had alleged no specific, non-conclusory facts from which a plausible claim of race discrimination
22 could be stated. *Id.* at 3. Instead, the Court explained that it "seems clear that the primary claim in
23 this case is based on discrimination due to disability, rather than race, which is reflected by the
24 lack of any specific facts that any of Defendant's behavior was due to Plaintiff's race." *Id.* at 4.
25 The Court dismissed the Second Amended Complaint without prejudice, with the expectation that
26 "[i]f any amended complaint is filed, there must be sufficient factual allegations made with a

sufficient basis to comply with Fed. R. Civ. P. 11 to support a claim of racial discrimination . . . ."[1]

Plaintiff then filed the instant complaint, alleging a single claim of race discrimination under 42 U.S.C. § 1981. TAC at ¶¶ 37-51. However, Plaintiff also admits in her complaint that "[a]t no time did [she] hear any employee of [Defendant] utter any racially negative comments towards her" or "call her any racially negative names." TAC at ¶ 26. Plaintiff contends that Whole Foods did refuse her service, and that "P[laintiff] believes there can be no other explanation for her disparate treatment other than D[efendant's] racial discrimination." *Id.* at ¶ 36.

### III. DISCUSSION

In order to plead a section 1981 claim, a plaintiff must alleged that: (1) she is a member of a racial minority, (2) that the defendant had an intent to discriminate against the plaintiff on the basis of race, and (3) the discrimination concerned one of the activities enumerated in the statute. *See Jefferson v. City of Fremont*, No. C-12-0926-EMC, 2012 U.S. Dist. LEXIS 60141, at *5-6 (N.D. Cal. Apr. 30, 2012). The Ninth Circuit has found that allegations of "overt acts coupled with racial remarks" are sufficient to state a claim under section 1981. *Evans v. McKay*, 869 F.2d 1341, 1345 (9th Cir. 1988) (finding sufficient allegations where defendants instigated an "arrest-boycott conspiracy" against the plaintiffs and made statements that "whites have no rights on the reservation").

Plaintiff pleads no facts that demonstrate any of the actions that occurred were related to racial discrimination. At most, Plaintiff alleges her personal belief that Whole Foods discriminated against her, specifically her belief that there is "no other explanation for her disparate treatment" other than her race. TAC at ¶ 36. However, Plaintiff's personal belief of discrimination, without any factual support, is insufficient to satisfy federal pleading standards. *See Jones v. Non Profits United*, No. 10-4252-EDL, 2010 U.S. Dist. LEXIS 141574, at *6-7 (N.D.

---

[1] The Court also: (1) dismissed Plaintiff's claim for retaliation with prejudice, finding that the fact that Plaintiff filed a prior suit against Whole Foods did not make her a member of a protected class; (2) dismissed Plaintiff's claim of intentional infliction of emotional distress without prejudice, finding insufficient factual allegations of outrageous conduct or severe emotional distress; and (3) dismissed Plaintiff's claim of negligence without prejudice because it was not clear that a store proprietor's duty extended to protecting the emotional well-being of a customer who is refused service and does not suffer an arrest as a result of the proprietor's actions. *Id.* at 6-10.

1  Cal. Feb. 22, 2010) (dismissing section 1981 claim where the plaintiff alleged that she was
2  demoted and terminated because of lies that a white subordinate with racial animus told about her,
3  but made no allegations that the subordinate played any role in the decision to demote or terminate
4  the plaintiff, and no allegations to otherwise support her belief that the adverse employment
5  decisions were due to race); *Melendez v. Sunnyvale Life, Inc.*, No. 14-cv-1771-EJD, 2015 U.S.
6  Dist. LEXIS 81499, at *10-12 (N.D. Cal. June 23, 2015) (dismissing section 1981 claim because
7  "outside of the conclusory allegation 'the disparate treatment and adverse employment actions
8  were based on Plaintiff's race/origin," there are no facts in the SAC which support the proposition
9  that Emmett terminated Plaintiff out of racial animus, or that Emmett treated Perez more favorably
10 because he is of a different race than Plaintiff"); *Jimenez v. DTRS St. Francis, LLC*, Case No. C
11 12-06411 SBA, 2013 U.S. Dist. LEXIS 160620, at *9-10 (N.D. Cal. Nov. 6, 2013) (dismissing
12 section 1981 claim where the plaintiff alleged he was assaulted by two hotel security guards
13 because "the mere fact that Plaintiff is identifiable as a Mexican-American, without more, is
14 insufficient to raise a plausible inference that the two hotel security guards acted with the intent or
15 purpose of discriminating against him because of his race and/or national origin. [Citation] The
16 SAC is devoid of any factual content demonstrating that the security guard's conduct was racially
17 motivated."); *Murray v. Pac. Architects & Eng'rs, Inc.*, Case No. 2+:15-cv-00087-GMN-NJK,
18 2015 U.S. Dist. LEXIS 108810, at *10 (D. Nev. Aug. 18, 2015) (dismissing section 1981 claim
19 against supervisor because there were no allegations that the supervisor made or ratified any racial
20 acts or remarks, and allegations that the supervisor had disciplined the plaintiff appeared to have
21 no relation to the plaintiff's race).

22       In the instant case, Plaintiff argues that her inability to "point to a concurrent racial
23 statement with the discrimination is not fatal to her case" because she could "prove specific intent
24 through circumstantial evidence." Opp. at 7-8. However, Plaintiff cites no circumstantial
25 evidence; instead, Plaintiff suggests that Whole Foods "acknowledged its past discrimination
26 against Plaintiff," citing Whole Foods's motion to dismiss the Second Amended Complaint. Opp.
27 at 8. Plaintiff's argument is baseless; Whole Foods never admitted to discriminating against
28 Plaintiff, but simply argued that based on the facts alleged by Plaintiff, any asserted disparate

treatment was based on disability, not race.  Docket No. 28 at 5-6 (Mot. to Dismiss SAC).  In short, there is no evidence -- direct or circumstantial -- that any of the alleged events were the result of racial discrimination.  While Plaintiff argues that all factual allegations must be taken as true and reasonable inferences drawn in Plaintiff's favor, she pleads no non-conclusory facts that even when construed in her favor, could possibly demonstrate that Whole Foods's actions had anything to do with race.

"To plead intentional discrimination, plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief.  Rather, plaintiff must allege some facts that demonstrate that race was the reason for defendant's actions."  *Mesumbe v. Howard Univ.*, 706 F. Supp. 2d 86, 92 (D.D.C. 2010).  Plaintiff has failed to allege any such facts, and for those reasons, the Court will dismiss Plaintiff's complaint.

## IV.  CONCLUSION

The Court **GRANTS** Whole Foods's motion to dismiss.  Because this is the Third Amended Complaint, and Plaintiff has failed to plead any non-conclusory facts supporting her claim of racial discrimination, the Court will dismiss the complaint with prejudice.

This order disposes of Docket No. 52.

The Clerk is instructed to enter judgment and close the file.

**IT IS SO ORDERED**.

Dated: March 4, 2016

_____
EDWARD M. CHEN
United States District Judge